## H. B. VAN METER *v.* WILLIS SKAGGS, ET AL.

**Partition—Easements.**

> Where in a partition proceeding a tract of land is set off together with the right to an easement, and a commissioner is appointed and conveys said tract and easement, and the deed is recorded, a subsequent purchaser must take notice of such easement.

### APPEAL FROM HARDIN CIRCUIT COURT.

December 12, 1877.

OPINION BY JUDGE LINDSAY:

The county court had jurisdiction to allot in severalty to the various owners in fee the lands held and enjoyed by the widow of Joseph Van Meter, deceased, as dower.

All the parties in interest were before that court. The commissioners allotted to H. B. Van Meter lot No. 5 on their plat, and re-

ported that they thought it proper that he should have "a passway for himself from this land at 2 along the line to figure 9, on the Briscoe part, and on the line between lots Nos. 3 and 4 from figures 9 to 7, where said passway strikes Hinton Van Meter's land, lot No. 5."

To this report no exceptions were filed, and in due time it was confirmed and ordered to be recorded, and Fox Hewitt was appointed commissioner and directed to make deeds in accordance with said report.

He executed this order and his conveyances were regularly reported to the court, and were approved and certified for record.

By his deed to H. B. Van Meter he conveyed to him lot No. 5, together with the privilege of a passway from this land at 2 along the line to figure 9, on the Briscoe (or No. 3) tract, and on the line between lots Nos. 3 and 4 from figures 9 to 7, where said passway strikes Hinton Van Meter's land, lot No. 5.

No mention of this reservation is made in the deed to Mrs. Briscoe, under whom these appellees claim, and it is insisted that because Hearst represented the appellant, H. B. Van Meter, and conveyed to Mrs. Briscoe an absolute fee simple title to lot No. 3, he, Van Meter, is estopped to claim the passway as against his own vendee. But it should be kept in view that Hewett represented Mrs. Briscoe when he conveyed to appellant, and upon the same principle she is estopped to deny his right to the passway which she, by her agent, conveyed to him. We have thus one estoppel against another, and therefore the question of right as between the parties is left open.

The power of the county court to secure this easement to appellant with the consent of the parties to the record is not open to doubt. That they did consent is evidenced by their failure to except to the commissioner's report, or to the action of the court in approving the deed to H. B. Van Meter and certifying it for record.

Skaggs does not occupy the position of an innocent purchaser without notice. The conveyance under which he claims title was made and executed by Mrs. Briscoe and others, and it describes the land by boundaries, beginning at "a stone at figure 1 on a map on file in division of the dower allotted Nancy Van Meter, widow of Joseph Van Meter." A reference to that map and the proceeding of which it constituted a part would necessarily have disclosed to him the fact of appellant's right to the passway in controversy.

The report of the commissioners and the deeds executed by

Hewitt are in law to be treated as part and parcel of one and the same record, and whoever claims through or under that record or any part of it has implied notice of all it contains.

That Van Meter has sold and conveyed lot No. 5 does not take from him the right to the passway. Appellee took nothing under his conveyance, and appellant's right to enjoy the passway was not made to depend on his ownership of lot No. 5.

The record is made up as required by the provisions of the Civil Code of Practice, and if appellee desired all the evidence considered by the court below to be brought to this court he should have placed the omitted portions on his schedule.

The judgment dismissing appellant's petition is *reversed* and cause remanded for a judgment conformable to the views herein expressed.

*Wilson & Hobson, for appellant.*
*James Montgomery, for appellees.*